UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MAYERS, WIFE OF AND CODY MAYERS INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, C.M. | CIVIL ACTION NO. 19-812-SDD-EWD |
| VERSUS | |
| RAZOR USA LLC | |

## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Plaintiffs Monica and Cody Mayers, individually and on behalf of their minor child, C.M. (collectively, "Plaintiffs") based upon the personal injuries C.M. allegedly sustained when C.M.'s "Razor Pocket Mod Bella" electric scooter, which was manufactured by Defendant Razor USA LLC ("Razor"), caused C.M. to fall and suffer injuries after C.M. attempted to mount the scooter (the "Accident").[1] On or about October 15, 2019, Plaintiffs filed their Petition for Damages ("Petition") against Razor, alleging that the scooter is unreasonably dangerous.[2] On November 22, 2019, Razor removed the matter to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Regarding the amount in controversy, the Petition and Notice of Removal indicate that Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.[4] Further, the Petition and Notice of Removal adequately

---

[1] R. Doc. 1-2, ¶¶ 1, 11-14. The Petition alleges that the Accident took place on "October 17, 2019;" however, the referenced date appears to contain a typographical error because the file stamp on the Petition indicates that the Petition was filed on October 15, 2019.
[2] R. Doc. 1-2, ¶¶ 14-17.
[3] R. Doc. 1, ¶¶ 12-16.
[4] *See* R. Doc. 1, ¶¶ 2-4, 19 *citing* R. Doc. 1-2, ¶¶ 13, 19, 20 (Alleging that the metal kickstand of the falling scooter caused injuries and necessitated several surgeries for C.M., which caused physical and emotional pain and suffering,

allege the Louisiana citizenship of Plaintiffs.[5] However, Razor has not shown that complete diversity exists because its own citizenship allegations are deficient. Razor is alleged to be a limited liability company.[6] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[7] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).[8] In the Notice of Removal, Razor alleges that it has three members, as follows:

---

permanent scarring, embarrassment and humiliation, and medical expenses); and R. Doc. 1-2, ¶¶ 21-22 (Plaintiffs have suffered a loss of consortium with C.M. and C.M.'s mother came upon C.M. immediately after the Accident and "was forced to immediately attend to the injuries."). The allegation of multiple surgeries and the nature of the injuries sustained appears sufficient to establish that the amount in controversy requirement is met at to C.M. As such, the Court also has jurisdiction over C.M.'s parents' claims as well. *See Exxon Mobil Corp. v. Allapattah Services, Inc*., wherein the United States Supreme Court held that, in cases such as this, where at least one named plaintiff satisfies the amount in controversy requirement, the additional plaintiffs' claims are part of the same case or controversy as those of the plaintiff who alleges a sufficient amount in controversy, and the other elements of diversity jurisdiction are present, the court may exercise 28 U.S.C. §1367(a) supplemental jurisdiction over the additional plaintiffs' claims even though their claims do not meet the amount in controversy requirement. *Exxon Mobil Corp. v. v. Allapattah Services, Inc*., 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L. Ed. 2d 502 (2005). *See also Thibodeaux v. GEICO Advantage Insurance Company,* No. 16-158-JWD-EWD, 2016 WL 4055660, at **5-6 (M.D. La. July 8, 2016*), report and recommendation adopted,* No. 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).
[5] R. Doc. 1, ¶ 13and R. Doc. 1-2, introductory paragraph. Moreover, with respect to minors, this Court has previously explained that, "'[s]ince most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents,'" and that, "'[w]hen determining a minor's domicile, courts look to the domicile of the minor's guardian if the minor lives with her guardian.'" *Champagne v. Parrish*, No. 16-610, 2016 WL 7031331, at *3 (M.D. La. Nov. 7, 2016) *citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (*citing Yarborough v. Yarborough*, 290 U.S. 202, 211 (1933)) and *Daffern v. State Auto Prop. & Cas. Ins. Co.*, No. 10-1211, 2011 WL 1085664, at *2
[6] R. Doc. 1, ¶ 14.
[7] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[8] 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

15.

> At the time of the incident in question and at the time of filing this Removal, Razor's current members and their respective domiciles/citizenship are as follows:
>
> A. Great GT, L.L.C. - a foreign limited liability company formed under the law of the Cook Islands through Cook Islands Trust Corporation, Ltd. The sole member of Great GT, L.L.C. is the trust formed by Gino Tsai (former citizen and resident of China). The Trustee of Great GT, L.L.C. is Tina Tsai (Gino Tsai's widow). Mrs. Tina Tsai is a Chinese (ROC) citizen and a resident of Taiwan;
>
> B. Small Minds Press, Inc. - a California Subchapter S Corporation with its principal place of business in California. Small Minds is owned by Carlton Calvin and his wife, Mary Blodgett, who are both United States citizens currently domiciled in the State of Washington; and
>
> C. ROJIS LLC - a Delaware limited liability company whose sole member is Wei Pei Chen (a/k/a Robert Chen). Robert Chen is a Chinese (ROC) citizen and resides in the State of Washington. Mr. Chen has dual citizenship in both the United States and China.

Pursuant to the foregoing, the first two members of Razor, Great GT, L.L.C. and Small Minds Press, Inc., appear diverse from Plaintiffs.[9] However, it is not clear whether the third member of Razor, ROJIS LLC, is diverse from Plaintiff. ROJIS LLC's one underlying member, Wei Pei Chen, is alleged to be a dual citizen of the United States and China. With respect to Chen's United States citizenship, Razor has only alleged that Chen "resides in the State of Washington."[10] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[11] Furthermore, "[f]or adults, domicile is established by

---

[9] R. Doc. 1, ¶ 15(a) (alleging that Great GT, L.L.C. has one underlying member, what appears to be a traditional trust whose trustee is a Chinese citizen). *See Delavallade v. Leisure & Gaming Corp., USA*, No. 17-634, 2018 WL 2054588, at *5, n. 9 (M.D. La. Apr. 17, 2018), *report and recommendation adopted*, No. 17-634, 2018 WL 2050148 (M.D. La. May 2, 2018) *citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 458 (1980) (citizenship of traditional trust determined by that of trustee); R. Doc. 1, ¶ 15(b) (alleging that Small Minds Press, Inc. is a California corporation whose principal place of business is in California).
[10] R. Doc. 1, ¶ 15(c).
[11] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[12] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile. In order to properly plead Chen's American citizenship, Razor must specify Chen's domicile in the United States.[13]

Although Plaintiffs have not yet made an appearance in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[14]

Accordingly,

**IT IS HEREBY ORDERED** that, **by no later than December 17, 2019**, Defendant Razor USA LLC shall file a motion to substitute is Notice of Removal[15] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Razor's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on December 3, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[13] *See Coury v. Prot,* 85 F.3d 244, 250 (5th Cir. 1996) ("Furthermore, there is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332. Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties.")
[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[15] R. Doc. 1.